UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY HENSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-cv-1194-SEB-VSS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Timothy Henson ("Henson") for a writ of habeas corpus, on the respondent's return to order to show cause, and on the expanded record.

Whereupon the court, having read and considered such pleadings and record, and being duly advised, now finds that Henson's petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.  Henson is a state prisoner who seeks a writ of habeas corpus with respect to a prison disciplinary hearing identified as No. ISR 06-03-0057. In that case, he was found guilty in a hearing conducted on March 10, 2006, of violating prison rules by committing attempted trafficking. The basis of the charge, and the conduct board's finding, was that a civilian worker was intercepted attempting to carry various items of contraband into the Pendleton Correctional Facility, an Indiana prison.

2.  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the State may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

3. In these circumstances, Henson was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

4. Henson's claims in this action are the following: a) the evidence was insufficient to support a guilty finding; b) he was warned that any statement he made could be used against him in a criminal prosecution, and as a result of the warning, he did not talk at the hearing, which prevented him from preparing a defense; c) he was denied physical evidence; d) he was not provided a statement from his accuser; and, e) the conduct board's reasoning was inadequate to support a guilty finding.

5. Henson's claims are uniformly without merit.

a. Henson first challenges the sufficiency of the evidence. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The weighing of conflicting evidence, moreover, is a task of the fact-finder, not a federal court exercising habeas corpus jurisdiction. See *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion") (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct report and the report of investigation show that contraband was found in possession of the civilian worker as she attempted to enter the prison. The disputed or open question was whether Henson was involved in the scheme, and the report of investigation shows that he was. Together, these documents constituted "some evidence" and this was sufficient evidence to satisfy the demands of due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented").

b. Henson complains that he was informed prior to the hearing that any statement he made could be used against him in a criminal prosecution, and as a result of the warning, he did not talk at the hearing, which prevented him from preparing a defense. The Fifth Amendment's guarantee against compelled self-

incrimination does not apply to the administrative misconduct with which Henson was charged. *Kitchen v. O'Leary,* 1985 WL 2219 (N.D.Ill. 1985) (discussing the inapplicability of *Miranda* in the context of prison disciplinary proceedings, as decided by *Baxter v. Palmigiano,* 425 U.S. 308 (1976)); *see also Caruth v. Pinkney,* 683 F.2d 1044, 1052 (7th Cir. 1982), *cert. denied,* 459 U.S. 1214 (1983) ("Prison disciplinary proceedings . . . have never been considered part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). The information supplied to him, however, was entirely accurate. Thus, Henson had a choice, and the *Miranda*-type warning given to him put him in a position to make a fully informed choice. It did not provide Henson with an easy choice, but the due process does not guarantee an easy choice. The choice Henson faced did not deprive him of due process.

c.      Henson contends in his habeas petition that he was denied the right to present evidence. The evidence he requested was "all physical evidence collected." Although the contraband itself was not produced at the hearing, photographs of the items seized from the worker were introduced at the hearing. There was no other physical evidence to present. As already noted, the evidence was undisputed that contraband was found in possession of the civilian worker as she attempted to enter the prison. Photographs of these materials were ample to apprize Henson of the charge and of the evidence supporting that charge.

d.      Henson claims that he "was not provided a written statement" from his accuser, nor was he allowed to question his accuser. His accuser was Internal Affairs Investigator Rains, and Henson was most certainly presented with the "accusation" in the conduct report. If Henson refers to information provided by the civilian worker, there was no right to cross-examine witnesses in this context. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 322-23 (1976)); *see also Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials.").

e.      The conduct board stated that it reached its conclusion regarding Henson's guilt "based on the preponderance of the evidence," and also recited that in reaching this decision it relied on the staff reports, on Henson's statement (to the investigator, not to the conduct board itself), on evidence from witnesses, and on photos of the evidence which was confiscated. This recitation of the evidence relied on by the conduct board is ample to satisfy the requirements of due process, as is the statement of the reasons for its findings. The statement of its reasons and findings comply with the requirement of *Wolff* by informing Henson of what occurred and permitting meaningful administrative and judicial review. See *Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) ("the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides"); *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (where it is "obvious" that a disciplinary committee believed the conduct report and disbelieved the plaintiff

and there is no mystery about its reasons, even a statement of extreme brevity concerning the reasons for its findings is not below the constitutional minimum).

6.     "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Henson to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/04/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana